### SILBERMAN v. SCHER.

(Supreme Court, Appellate Division, Second Department. December 6, 1912.)

JUDGMENT (§ 16\*)—ENFORCEMENT—THIRD PERSONS.

    Payment of money deposited by plaintiff in a bank, for which defendant had judgment against plaintiff, cannot be summarily compelled by an order in the action, to which the bank was not a party, that it pay it to defendant.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 22, 24; Dec. Dig. § 16.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Ida Silberman against Louis Scher. From an order directing the State Bank, Brownsville Branch, to pay to defendant money held by it on deposit for plaintiff, plaintiff appeals. Reversed, and motion denied.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Abraham H. Sarasohn, of New York City, for appellant.
Adolph Benevy, of Brooklyn, for respondent.

HIRSCHBERG, J.　So far as can be gathered from the meager papers presented on the appeal, this action was brought by the plaintiff to recover the possession of a certain grocery store and stock in the borough of Brooklyn, in the possession of the defendant, and for an accounting of the earnings and profits of the grocery business conducted by the defendant at said store. The plaintiff claimed that she was the owner of the property, and that the defendant was wrongfully withholding the same from her. After the action was commenced the plaintiff obtained an order appointing her receiver of the business, and as such she took possession and sold the stock. An answer was doubtless served, for it appears that upon a subsequent trial of the action at Special Term judgment was rendered in favor of the defendant, dismissing the complaint upon the merits, and directing the plaintiff to account for the property received by her and the fair worth and value thereof. An accounting was thereafter had before a referee duly appointed for that purpose, and on the coming in of his report final judgment was rendered in favor of the defendant on the 2d day of August, 1912, charging the plaintiff with the sum of $6,000 as the value of the goods, wares, and merchandise contained in the store, together with the market value of the good will and business.

It appears that the cash proceeds received by the plaintiff on the sale of the property amounted to the sum of $1,237.50, and that that sum was deposited by her in the State Bank, Brownsville Branch, to her credit as receiver. The final judgment provided:

"That the said plaintiff, Ida Silberman, be and she is hereby directed and ordered to pay over to the defendant forthwith the sum of $1,237.50, held by her on deposit as receiver, as appears by her account and the report of the referee thereon, in the State Bank, Brownsville Branch, upon which payment the same shall be credited upon her account as settled above."

On the 23d of August following, on an affidavit setting forth the facts, and the further fact that a demand had been made to the plaintiff for the payment of the amount, which payment was refused, an order to show cause was granted, requiring the plaintiff, as receiver, and the State Bank, Brownsville Branch, the depositary of the fund, to show cause why an order should not be made directing the said bank to pay the said deposit to the defendant; and on the return of such order, the order appealed from was granted, requiring said payment to be made forthwith.

The said bank is not a party to the suit, and did not appear on the

return of the order to show cause. No authority is cited by the learned counsel for the respondent, authorizing the granting of the order appealed from, and none has been found. It is unnecessary to set forth herein the nature of the remedies which may be legitimately enforced against the plaintiff for the collection of the fund in question; but, in the absence of any authority to the contrary, it cannot be doubted that payment of funds in the hands of a third person, not a party to the suit, cannot be summarily compelled in the interest and for the benefit of the successful litigant.

The order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.